IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL PATRICK GERAGHTY,<br><br>Defendant. | Case No. CR13-3002<br><br>ORDER FOR PRETRIAL DETENTION |

On the 6th day of February, 2013, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by his attorney, Brian D. Johnson.

## I. RELEVANT FACTS AND PROCEEDINGS

On January 24, 2013, Defendant Michael Patrick Geraghty was charged by Indictment (docket number 2) with two counts of distribution of methamphetamine by a felon. At the arraignment on February 1, 2013, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 1, 2013.

At the hearing, Cerro Gordo County Deputy Sheriff Frank J. Hodak testified regarding the circumstances underlying the instant charges.[1] On July 3, 2012, law enforcement conducted a controlled drug transaction with Defendant using a confidential informant ("CI"). The CI purchased 13.98 grams of methamphetamine from Defendant.[2] On July 5, 2012, Defendant was involved in another controlled drug transaction. The CI

---

[1] Hodak is currently assigned to the North Central Iowa Narcotics Task Force.

[2] Lab testing showed that the methamphetamine which was purchased by the CI was 58% pure.

1

purchased 13.68 grams of methamphetamine from Defendant.[3] On January 14, 2013, Defendant was involved in a third controlled drug purchase. The CI bought 3.5 grams of methamphetamine from Defendant. All three controlled drug transactions were surveilled and recorded by law enforcement. Additionally, Defendant was on probation at the time of both July 2012 controlled drug transactions.

On the same date as the third controlled drug transaction, law enforcement executed a search warrant on Defendant's residence. Inside the residence, law enforcement found approximately $1600 in cash hidden in a closet. Law enforcement also found an air gun under the seat of Defendant's vehicle, and digital scales in his vehicle.

According to the pretrial services report, Defendant is 41 years old. He was born in Davenport, Iowa, and has resided in eastern Iowa his entire life. He has lived in Mason City, Iowa for the past 9 years, and has resided at his current residence for the past 8 years. He has never been married, but has an adult daughter who lives in California.

For the past two-and-one-half years, Defendant has been employed as a maintenance worker at Cooper Investments in Mason City. Defendant's employer told the pretrial services officer that if released, Defendant could return to his job. Defendant is in good physical health. He reports no present or past mental or emotional health concerns. Defendant told the pretrial services officer that his alcohol consumption has never been problematic.[4] He stated that he last smoked marijuana 20 years ago, but has used methamphetamine once per week for the past two years.[5]

Defendant has an extensive criminal record. In 1990, Defendant was charged with assault. The disposition of that case is unknown. On September 24, 1993, Defendant was charged and later convicted of OWI. He was placed on probation for 1 year. On

---

[3] Lab testing showed that the methamphetamine which was purchased by the CI was 60% pure.

[4] The Court notes that Defendant has been convicted of OWI on two separate occasions.

[5] Defendant also told the pretrial services officer that he started using methamphetamine 10 years ago, but did not use it for 5 year period during those 10 years.

December 10, 1993, while the OWI charge was pending, Defendant was charged and later convicted of possession of marijuana. Again, he was given probation for 1 year.

On March 16, 1997, Defendant was charged and later convicted of driving with a suspended license. He was given 1 year probation. On August 31, 1997, while on probation, Defendant was charged and later convicted of OWI. Again, he was given 1 year probation.

On March 3, 1999, Defendant was charged and later convicted of driving with a suspended license. On August 3, 1999, Defendant was charged and later convicted of possession of a controlled substance. On October 29, 1999, while the possession charge was pending, Defendant was charged and later convicted of driving while barred. He was given 1 year probation.

On May 5, 2000, while on probation, Defendant was charged and later convicted of second degree burglary and assault. He was given a suspended 10 year prison term and 2-5 years probation on the burglary charge, and a suspended jail term and 2-5 years probation on the assault charge. On May 28, 2000, while on probation and while the May 5 charge was pending, Defendant was charged and later convicted of disorderly conduct. On June 12, 2002, Defendant was charged with driving while barred and leaving the scene of an accident. Those charges were ultimately dismissed. He was discharged from probation on January 29, 2003.

In April 2004, Defendant was charged and later convicted of assault. On June 17, 2005, Defendant was charged in two separate cases with obstruction of emergency communications and assault. The obstruction of emergency communications charges was dismissed, but Defendant was convicted of the assault charge.

On March 5, 2006, Defendant was charged in two separate cases with public intoxication and possession of a controlled substance. The public intoxication charge was dismissed. Defendant was given a 5 year suspended prison sentence and 5 years probation on the controlled substance charge. On July 19, 2007, while on probation, Defendant was

charged with domestic abuse assault causing bodily injury. That charge was ultimately dismissed. On April 16, 2009, Defendant was discharged from probation.

In July 2010, Defendant was charged and later convicted of second degree fraudulent practices. He was given a 5 year suspended prison sentence and 3 years probation. In April 2011, while on probation, Defendant was charged with third degree harassment. That charge was later dismissed. In December 2011, Defendant was found in contempt on the fraudulent practices charge. He was discharged from probation on August 1, 2012. In December 2012, Defendant was charged with assault causing bodily injury. That charge remains pending in state court.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies

committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for

which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with two counts of distribution of methamphetamine by a felon. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. The weight of the evidence against Defendant is strong. Defendant was involved in two controlled drug transactions on July 3 and 5, 2012. In both transactions, a CI purchased over 5 grams of pure methamphetamine from Defendant. Both controlled transactions were surveilled and recorded by law enforcement. At the time of both controlled transactions, Defendant was on probation.

As a general proposition, the distribution of drugs constitutes a general danger to the community. Furthermore, upon executing a search warrant in January 2013, law enforcement found an air gun under the seat of Defendant's car. Defendant has several convictions for assault. Defendant has a history of committing offenses while on probation and pretrial release. He is an active user of methamphetamine. Additionally, while not currently charged, in January 2013, Defendant was involved in a third controlled drug

6

transaction, where a CI purchased 3.8 grams of methamphetamine from Defendant. If convicted, Defendant faces a mandatory minimum 10-year prison sentence. This is a factor regarding the likelihood he will appear. Based on the serious nature of the offense, all of the facts and circumstances, and the rebuttable presumption, the Court finds that there is no condition or combination of conditions that will reasonably assure the safety of the community or Defendant's appearance for court proceedings. Therefore, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 1, 2013) to the filing of this Ruling (February 6, 2013) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 6th day of February, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA